MORRIS SAMEL, PLAINTIFF-APPELLANT, v. DAVID SU-
PER, DEFENDANT-APPELLEE.

Submitted July 3, 1913—Decided November 17, 1913.

1. Where a contract embodies mutual and interdependent conditions and obligations, and one party either disables himself from performing, or repudiates in advance his obligations under the contract and refuses to be longer bound thereby, communicating such repudiation to the other party, the latter party is not only excused from further performance on his part, but may, at his option, treat the contract as terminated for all purposes of performance, and maintain an action at once for the damages *occasioned by such repudiation, without awaiting the time fixed by the contract for performance by the defendant.*

2. An executory contract for the assignment of a lease on a fixed date contained a stipulation on the part of the assignor that "the rent * * * is not over $60 a month and lease of same should be transferable and for a term of not less than two years." Vendor had an option of renewal of an assignable lease for two years, but under such option the rent was to be fixed by arbitration. Before the date fixed for closing the contract of assignment, the proposed assignee gave notice that he would not accept the assignment. *Held*, that the assignor was entitled to sue for damages *without being required to tender or obtain a renewal of his lease on the prescribed terms.*

On appeal from Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff, *Philip J. Schotland.*

For the defendant, *William Greenfield.*

The opinion of the court was delivered by

PARKER, J. The suit arose out of a contract for the sale of the stock, fixtures, and good will of a grocery and vegetable business, including an assignment of a leasehold interest. There was a memorandum in writing signed by the seller, though not by the purchaser, but the latter paid $100 on

account, and it is not disputed that there was a valid contract, and that its terms are correctly expressed by the written memorandum. The purchaser refused to complete the purchase, and the seller brought this suit for damages. Defendant claimed that the plaintiff, the seller, had himself made default justifying rescission and demanded his part payment back by way of recoupment. The trial judge adopted the defendant's view, and deeming that the case presented no disputed fact, directed a verdict for the defendant in the amount paid by him with interest.

The controversy arises over a clause in the agreement relating to the assignment of the lease, and which clause stipulated that "the rent for store and rooming and stable is not over $60 a month and lease of same should be transferable and for a term of not less than two years." The purchaser rests his withdrawal on the breach of this stipulation. Plaintiff had an existing term at $60 a month with five months to run, and an option of renewal for two years which he had merely to exercise; so far he was plainly in a position to transfer such a leasehold interest as the contract called for; but by the terms of the lease the rent in case of renewal was to be adjusted by arbitration, and might be fixed thereby at a sum much greater than $60 a month; and it is this uncertainty that was relied on by the defendant at the trial and which the trial judge made the ground of his direction of a verdict.

The difficulty about this defence, which seems to have been overlooked by the judge, is that the jury might have found that the purchaser wrongfully repudiated the contract before it was definitely ascertained that the seller was or would be unable to perform it on his part. The transaction was to be completed on December 3d, and the vendor had up to and including that day in which to secure and tender a renewal of the lease on the terms required by the agreement. The evidence indicates that on December 1st (a Sunday) defendant told plaintiff's agent that he would not take the store, and so advised plaintiff himself the next day. It was open to a

jury to find that he gave no reason for this action. But if he had set up this matter of rent as a reason—and no other reason was relied on at the trial—it would have made no difference. The rule in such cases as laid down in *O'Neill* v. *Supreme Council,* 41 *Vroom* 410, is that—

"Where a contract embodies mutual and interdependent conditions and obligations, and one party either disables himself from performing, or repudiates in advance his obligations under the contract and refuses to be longer bound thereby, communicating such repudiation to the other party, the latter party is not only excused from further performance on his part, but may, at his option, treat the contract as terminated for all purposes of performance, and maintain an action at once for the damages occasioned by such repudiation, without awaiting the time fixed by the contract for performance by the defendant."

The case was approved and the same rule adopted by the Court of Errors and Appeals in *Holl* v. *United Security Life Insurance and Trust Co.,* 45 *Vroom* 795. Applying this rule it is plain that when the defendant, one or two days before the time fixed for the closing of the contract of sale, repudiated the agreement and refused to complete the sale, the plaintiff was excused from any attempt to obtain a renewal of the lease upon the terms stipulated in the agreement and was entitled to hold the defendant in damages for his refusal to perform his contract. There is nothing to show that if the defendant had not repudiated, the plaintiff would not have been able to secure a renewal of the lease on the terms stipulated, or to make such terms that he could afford to put the defendant in possession of the premises for the stipulated period of two years at a rent which would not cost the defendant more than the $60 a month that was mentioned in the agreement.

We conclude, therefore, that the trial judge erred in directing a verdict for the defendant and that a case was presented for the determination of the jury. The judgment will therefore be reversed and a *venire de novo* ordered.