JOHN I. BENTLEY'S (dependent's) CASE.

Suffolk.    January 12, 1914. — February 27, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act.*

On an appeal to this court from a decree of the Superior Court under the workmen's compensation act, where the Industrial Accident Board, after adopting the findings of the committee of arbitration had found further facts on the statements of counsel and evidence presented before them, which they did not report, it was *held,* that their findings thus made were not open to revision as questions of fact, and that it could not be contended that as matter of law they were not warranted.

Upon a claim under St. 1911, c. 751, Part II, § 7, by persons alleged to be dependents of an employee whose death resulted from personal injuries sustained in the course of his employment, if it appears that the employee at the time of his death had a wife and one child, both of whom were living apart from him, neither of them is "conclusively presumed" to have been wholly dependent

---

* The decree was made by *Pierce,* J.   The insurer appealed.

upon the employee for support, and the question of their dependency must be determined by the Industrial Accident Board upon the evidence; and, if that board find that the wife was not dependent but that the child was partly dependent, an award of compensation to the child alone is proper.

SHELDON, J.   This case must be decided upon the facts found by the Industrial Accident Board, in its review of the report of the committee of arbitration.   Sts. of 1911, c. 751, Part III, §§ 5, 10, 16, and 1912, c. 571, §§ 10, 13, 15.   The Industrial Accident Board adopted the findings of the committee of arbitration, and found some further facts.   Its findings were made after a hearing of the parties, on the statements of counsel and the evidence before the full board.   The findings of fact thus made are not open to revision as such.   *Diaz's Case, ante,* 36.   *Donovan's Case, ante,* 76.   Nor, as the evidence is not reported, can it be contended that as matter of law they were not warranted.

The wife and child of Bentley were both living apart from him at the time of his death.   Accordingly neither of them was "conclusively presumed" to have been wholly dependent upon him for support.   The question must be determined upon evidence of the fact as it existed at the time of the injury.   St. 1911, c. 751, Part II, § 7.   The Industrial Accident Board has found that the wife was not dependent upon Bentley for support, but that the child was partially so.   On these findings, the conclusion that the wife was entitled to no compensation and that the child was entitled to receive the sum awarded to her, was correct.

The decree of the Superior Court * must be affirmed.

*So ordered.*

*C. J. Martell,* for the dependents.

*S. H. Pillsbury,* (*W. J. Nolan* with him,) for the insurer.

---

* Made by *Pierce,* J.