ROBERTS *v.* WHALEY.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION—DEPENDENT
   —INCOMPETENT WIFE.
   In proceedings for compensation for the death of a laborer
   while he was engaged in digging a sewer, evidence that
   decedent's wife had been insane for nine years, and had
   received no support from her husband during that time,
   but was maintained by the State, and that decedent was
   living with his housekeeper, who had borne him two
   children that were dependent on him, *held*, to show that
   the wife was not a dependent within the meaning of the
   statute, and not entitled to compensation. Act No. 10,
   Extra Session 1912, pt. 2, § 5; 2 Comp. Laws 1915, § 5435.

2. SAME—DAUGHTER—PRESUMPTIONS.
   The rights of a daughter, who had lived with another
   family and had received no contribution from the dece-
   dent, were on a similar footing; if she was not in some
   manner dependent on her parent she was not entitled to
   share in the award.

3. SAME—ILLEGITIMATE CHILDREN.
   Two illegitimate children of the deceased, who resided
   with their father and were maintained by him, were de-
   pendents within the meaning of the statute, and, as it
   was his duty to care for and maintain them, and they
   were entitled to look forward to his continuing to do so,
   they should have received the entire award.

Certiorari to the Industrial Accident Board. Sub-
mitted October 15, 1916. (Docket No. 127.) Decided
June 2, 1916. Rehearing denied September 27, 1916.

Minnie Roberts, insane wife, Gladys Roberts, a
minor child, by W. Henderson, her guardian, Clara
Fackler, and Murna Roberts and Ellis Roberts, illegiti-
mate minor children, by Carl H. Reynolds, their guard-
ian, presented their claims for compensation against
William H. Whaley and George W. Edwards, copart-

ners as Whaley & Edwards, for the death of N. H. Roberts while in defendants' employ. From the award of the Industrial Accident Board granting compensation to said Minnie Roberts and Gladys Roberts, said Murna Roberts, Ellis Roberts and said respondents, and their insurer, the United States Fidelity & Guaranty Company, bring certiorari. Reversed, and compensation awarded to said appellants Murna and Ellis Roberts.

*Cummins, Nichols & Rhoads,* for appellants Roberts.

*Clarke, Lockwood, Bryant & Klein* (*B. J. Lincoln,* of counsel), for appellants Whaley and Edwards and said insurance company.

*F. H. Dusenbury,* for appellees Roberts.

BIRD, J. N. H. Roberts was killed while working in a sewer in Grand Ledge. Application for an allowance was made to the Industrial Accident Board on behalf of his insane wife and daughter, and also on behalf of his two illegitimate children and his housekeeper. Upon a stipulation of facts, an award was made and divided between the wife and daughter. We are asked to review the proceedings on behalf of the illegitimate children, and the defendant insurance company.

The record discloses that Roberts was married to Minnie Fox in the year 1903. In the following year, 1904, the daughter Gladys was born. Two years later, in 1906, the wife became insane and was taken to the asylum. After the mother was taken away, Gladys went to live with a Mr. Henderson, where she has since resided and been cared for by him in his family. Roberts, being left alone, employed a housekeeper. He appears to have become enamored of her, and later lived with her openly as a wife, and two children were born to them, Murna and Ellis, the appellants. At the

time Roberts was killed, he was living with and supporting these children and their mother. The wife, Minnie, was still in the asylum at the time of his death, and had been supported there at the expense of the State, and Gladys had been supported by Henderson, and it appears that Roberts had contributed nothing to the support of either during their absence.

The position taken by the defendant insurance company is that no award should have been made, because neither the wife nor Gladys was living with, nor was either dependent on, Roberts at the time of his death, and, further, that the law will not encourage the immoral relation of the parents by recognizing their illegitimate children. On behalf of the illegitimate children, it is urged that they are the children of the deceased, and that they actually lived with him, and as a matter of fact, were wholly dependent upon him, and are, therefore, by reason of such dependency, entitled to the award.

1. Is the wife entitled to share in the award?

It appears without dispute that the wife was not living with her husband at the time of his death, and had not lived with him for nine years prior thereto. Therefore it is obvious that if she is entitled to the award, it must be by reason of her dependency on him. That question is one of fact. The stipulation of facts shows that she has been supported by the State for upwards of nine years, and that the deceased has contributed nothing. I am unable to see how upon this record it can be said that she was dependent upon her husband for support at the time of his death. The record simply shows that she was not. For cases supporting this view, see *New Monckton Collieries, Ltd.,* v. *Keeling,* 4 B. W. C. C. 332; *Lee* v. *"Bessie,"* 1 K. B. (1912) 83, 81 L. J. K. B. 114, 105 L. T. Rep. 659, 5 W. C. C. 55; *Polled* v. *Railway Co.,* 5 B. W. C. C. 620; *Devlin* v. *Main Collieries,* 5 B. W. C. C. 349; *Niddrie*

& *Benhar Coal Co., Ltd.*, v. *Young*, 5 B. W. C. C. 552; *Nelson's Case*, 217 Mass. 467 (105 N. E. 357) ; *Bentley's Case*, 217 Mass. 79 (104 N. E. 432) ; *Batista* v. *Railroad Co.* (N. J. Sup.), 88 Atl. 954; *In re Jones*, Ohio Industrial Com'n, 6 N. C. C. A. 250, note; *Finn* v. *Railway*, 190 Mich. 112 (155 N. W. 721).

Counsel's argument in effect amounts to this, that a presumption of dependency arises from the fact of marriage, and the consequent duty of her husband to support her.

Where the issue of dependency is one of fact, proof that claimant is the wife of the deceased is of course admissible, and in connection with other facts may be of help in determining that issue. Or, if the issue is whether the wife is conclusively presumed to be dependent, proof of the fact of marriage standing alone might raise a presumption that she was living with the deceased at the time of his death, because wives usually live with their husbands. But where proof of marriage is followed by a concession that she had not lived with the deceased for nine years prior to his death, that she had been supported by the State, and that her husband had contributed nothing toward her support during that period, the value of such proof, either on the question of dependency, or in aid of the presumption, has very little force.

The fact that claimant did not voluntarily separate from her husband is urged as a reason why she should be regarded as constructively living with him during her absence. Were this proceeding one to recover for necessaries furnished her by another, or a divorce proceeding, in which permanent alimony was to be awarded to her, this consideration would be important. This proceeding, however, is based upon a statute which provides a fund, not for the benefit of the workingman's estate, not for the benefit of his creditors, not for those equitably entitled to be supported by him,

but the fund is provided for the benefit of those dependent on his labor at the time of his death.

The act provides:

"If death results from the injury, the employer shall pay, or cause to be paid, subject, however, to the provisions of section 12 hereof, in one of the methods hereinafter provided, to the dependents of the employee." Section 5, pt. 2, Extra Session 1912 (2 Comp. Laws 1915, § 5435).

Unless the claimant is actually dependent upon the employee at the time of his death, she does not come within the class designated by the statute, however unjust or inequitable it may appear. What may have led to the separation is of little importance, if it results in the claimant ceasing to be a dependent upon the employee. For instances where claimants were being cared for in the workhouse, reformatory, and asylum, see *Rees* v. *Colliery Co.*, 1 K. B. (1903) 259 (72 L. J. K. B. 85, 87 L. T. Rep. 661, 19 L. S. R. 113) ; *Trainer* v. *Addie & Sons Collieries, Ltd.*, 42 Sc. L. R. 85 (7 F. 115, 12 S. C. L. S. 460) ; *Berlin* v. *Chesky*, Wis. Industrial Com'n, 6 N. C. C. A. 269, note.

In putting this construction on the act, we do not mean to hold that a wife who is temporarily absent for travel, business, pleasure, or health, as indicated by Mr. Justice STEERE, in *Finn* v. *Railway, supra,* would be excluded from the benefits of the act, if she has not ceased to be dependent. Our conclusion on this record is that the wife was not a dependent within the meaning of the act, and therefore is not entitled to participate in the award.

2. Is Gladys entitled to share in the fund?

What has been said with reference to her mother, in the main applies to Gladys. No presumption of dependency in her behalf can be indulged. In order to indulge the presumption of dependency in her behalf, it must appear that she was living with the de-

ceased at the time of his death, and that there was no surviving parent. Neither one of these conditions was present, and therefore she is not within the class presumptively entitled to the fund. If she is entitled to participate in the fund, it must be by reason of her having been dependent upon her father at the time of his death. The record conclusively shows that she was not dependent upon him at that time; therefore she is not entitled to participate in the award.

3. Are the illegitimate children entitled to share in the award?

It appears to be conceded upon the record that Murna and Ellis are the children of the deceased. It further appears that they lived with him and were members of his family, and that they were dependent upon him at the time of his decease. They were actually cared for and supported by the deceased, and they had a right to expect a continuation of the support and care had he lived. This brings them clearly within the statute, and establishes as a matter of fact that they were dependent, and therefore entitled to the fund. But it is said they are illegitimate children, and that the law will not encourage the immoral and unlawful relation of the parents by recognizing them. The children are in no wise responsible for their existence or status. They are here, and must be cared for and supported. They were cared for and supported by the deceased up to the time of his death. It was his legal and moral duty to support them, and he was responding to that duty when death overtook him. We think they are clearly within the class entitled to the fund, and it must be passed to them.

The award made by the Industrial Accident Board must be set aside, and the fund awarded to them.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.