8297. CENTRAL OF GEORGIA RAILWAY CO. *v.* SWANN.

1. In order for a mother to recover, under the provisions of section 4424 of the Civil Code of 1910, for the negligent homicide of her minor son, it must appear both that at the time of the homicide she was dependent upon the child and that the child contributed substantially to her support. The degree of dependence may be either total or partial, and the contribution by the child may be either in part or in full support of the mother.
2. In such a case the mother may recover notwithstanding the father of the child be in life and in such a state of health as to enable him to perform labor. The right of action in favor of the mother is created by the fact of contribution and dependence, and not by the legal obligation to contribute to her support. The contribution may be either in labor or in money, or both.
3. If the father, the mother, and the minor son reside together and are mutually dependent upon the labor of the family for support, the minor son, who, by his labor or its proceeds, aids in the support of the family, is to be considered as contributing substantially to the support of the mother.
4. In a suit against a railway company for the negligent homicide of the plaintiff's son it is necessary that the cause of action be plainly and distinctly set out, and the plaintiff can not recover on account of acts of negligence not alleged in the petition.
5. In such a suit, if it be shown by evidence that the injury on account of which the suit was brought was caused by the running of an engine or cars of the defendant, the presumption arises that the company or its agents were guilty of the acts of negligence alleged in the petition.
6. A verdict for $4,000, returned four years after the negligent homicide of plaintiff's son, who at the time of his death was fourteen years of age, and who contributed substantially to the support of the mother, is not excessive.
7. The evidence in the present record warranted the verdict, and the exceptions to the charge of the court are without substantial merit. The court did not err in overruling the motion for a new trial.

DECIDED APRIL 5, 1917.

Action for damages; from Washington superior court—Judge Hardeman. March 7, 1916.

*Saffold & Jordan,* for plaintiff in error.

*Samuel H. Sibley,* contra.

GEORGE, J. The act of 1887 (Acts 1887, p. 45), codified in section 4424 of the Civil Code (1910), provides that "A mother, or, if no mother, a father, may recover for the homicide of a child minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless said child leave a wife, husband, or child." The language of this statute is that the recovery may be had either when the parent is dependent *or* when the child contributes to the parent's support, but it is settled, both by the decisions of the Supreme Court and of this court, that, in order to authorize a recovery, there must have been both dependency and contribution to the parent's support. In the case of *Clay* v. *Central R. Co.,* 84 *Ga.* 345 (10 S. E. 967), it was held that "the legislature did not intend to give to a mother or father, under the circumstances stated, the right to recover for the homicide of a child, unless the mother or father was dependent upon such child for a support *and* such deceased child contributed to the support or maintenance of the mother or father;" and it was accordingly there ruled that the disjunctive "or," as used in this clause of the act, should be read as "and." This act was given the same construction in *Smith* v. *Hatcher,* 102 *Ga.* 158 (29 S. E. 162), in *Augusta Southern Railroad Co.* v. *McDade,* 105 *Ga.* 134 (7), 138 (31 S. E. 420), and in many other decisions of the Supreme Court. Although in each code adopted since the passage of that act the legislature has continued to use the disjunctive "or" as it appeared in the original act of 1887, the courts of this State have continued to read the conjunctive "and" into the statute. Compare *Fuller* v. *Inman,* 10 *Ga. App.* 680 (74 S. E. 287).

It is well settled that the statute with which we are now dealing being in derogation of the common law, must be strictly construed. The act is partly punitory and partly compensatory, according to the opinion by Mr. Justice Lumpkin in *Georgia Railroad & Banking Co.* v. *Spinks,* 111 *Ga.* 571 (36 S. E. 855). However, the statute seems to be mainly compensatory. Indeed, this doctrine is fixed in the law of this State, and must have influenced the court in declaring that the legislature meant to use the conjunctive "and" where the disjunctive "or" appears in the statute.

While, in a suit by a mother for the tortious homicide of her minor son, it is necessary to prove both dependence and material contribution to the support of the mother, it is equally well settled

that this dependence may be either total or partial, and that the contribution to her support may be either in full or only in part. Since the decision delivered by Chief Justice Bleckley in the case of *Augusta Railway Co.* v. *Glover,* 92 *Ga.* 132 (18 S. E. 406), it has been recognized in this State that contribution by a child to a common stock out of which the family is supported constitutes such partial dependence and substantial contribution as will authorize the mother to recover for his negligent homicide, although the father be alive and able to labor. See *Fuller* v. *Inman,* supra; *City of Thomasville* v. *Jones,* 17 *Ga. App.* 625 (87 S. E. 923). In the present case the mother testified as follows: "He [the son] gave his money to me, and I used it for the family to help support the family. . . Of course, I needed the child's money. . . I needed the boy's money to assist us in the support of the family, because we had a right large family, and I needed it to help support the family." It appears that the husband, who was a guard at the State convict camp, earned $45 per month, but that when he was unable to labor a proper deduction was made for his lost time. The evidence discloses that the deceased was a bright boy, and was fourteen years old at the time of his death, and that prior to his death he was earning $15 a month by his labor, beyond the services directly performed for the mother. His monthly earnings were delivered to the mother and were by her used to help support the family. The court clearly and repeatedly instructed the jury that, before the mother could recover, it must appear, by a preponderance of the evidence, both that she was dependent upon her deceased son and that he substantially and materially contributed to her support. The instructions to which exceptions are taken here did not confuse the jury, and the evidence is sufficient to sustain their verdict, and the verdict is not excessive.

The petition alleged that the defendant company was negligent in failing to secure or fasten the rear door of the coach on which the plaintiff's minor son was riding as a passenger, and in leaving this rear door open without chains or other protection to keep any one from falling from the coach, and in disconnecting the coaches immediately attached to the coach in which he was riding, without notice, or warning to him, and in negligently locking and fastening the closet door in the rear end of the coach in which he was riding, and in running its train at a high and reckless speed,

giving it a violent lurch when he was attempting to pass from the coach in which he was riding to the coaches which he supposed to be in the rear, it being, for reasons set forth in the petition, necessary for him to do so. No one saw him as he went out of the rear door of the coach. The facts and circumstances in the record are sufficient to authorize the jury to conclude that he did pass out of the rear door of the coach in which he was riding, and that he was killed by the operation of the defendant's train. The defendant offered no evidence. The presumption that the company was guilty of the acts of negligence specifically alleged in the petition is sufficient to authorize the recovery. Compare *Ga. S. & F. Ry. Co.* v. *Thornton,* 144 *Ga.* 481, 484 (87 S. E. 388). The court did not err in overruling the motion for a new trial, and the judgment is therefore

*Affirmed. Wade, C. J., and Luke, J., concur.*