## 13239.  HUDSON v. DEVLIN.

BROYLES, C. J. 1. The court erred in charging that under our law a mother has a right to recover for the tortious homicide of her minor child if she was dependent upon the child for support *or* if the child contributed to the mother's support. The court should have used the word " and " instead of the word " or." It is true that the word " or " is so used instead of the word " and " in the statute (Ga. L. 1887, p. 43, Civil Code (1910), § 4424), but it should be construed to mean " and." *Clay v. Central R. Co.*, 84 *Ga.* 345 (1.) (10 S. E. 967); *Central of Georgia Railway Co.* v. *Swann*, 19 *Ga. App.* 691 (91 S. E. 1068), and citations. However, this error was harmless, since the petition alleged that the deceased minor child contributed to the plaintiff's support *and* that the plaintiff was dependent upon the child for support, and the undisputed evidence affirmatively showed that the plaintiff was dependent upon the deceased child for support *and* that the child contributed to the plaintiff's support. *Middle Georgia & Atlantic Ry. Co.* v. *Barnett*, 104 *Ga.* 582 (3), 586 (30 S. E. 771). This charge was not error for any other reason assigned.

(*a*) The above ruling also disposes of the 2d ground of the amendment to the motion for a new trial.

2. In a suit for damages for a tortious homicide mere contributory negligence on the part of the deceased does not bar a recovery by the plaintiff. Civil Code (1910), § 4426; *Tift* v. *Jones*, 74 *Ga.* 469 (6); *Christian* v. *Macon Railway & Light Co.*, 120 *Ga.* 314 (1) (47 S. E. 923). Therefore the refusal to give the requested charge, and the charge that was given in lieu thereof, as set out in the 3d ground (erroneously numbered 4 in the record) of the amendment to the motion for a new trial, were not error.

3. It is not error to refuse to charge the jury that certain enumerated facts constitute negligence, where the law does not declare them to be negligence. *Western & Atlantic R. Co.* v. *Casteel*, 138 *Ga.* 579 (1) (75 S. E. 609), and citation. Under this ruling the court did not err in refusing to give the requested charge set forth in ground 4 of the amendment to the motion for a new trial. Nor was the charge given in lieu of error for any reason assigned.

4. The 5th and 6th grounds of the amendment to the motion for a new trial complain respectively of a certain portion of the charge of the court, but it is not stated in either ground wherein the portion of the charge excepted to was error. Therefore neither of these grounds raises any question for determination by this court.

5. Under the facts of the case any negligence of the owner and driver of the automobile could not be imputed to the deceased or to the plaintiff. It follows that the following charge, even if error, was harmless: " Look to the evidence and find who was negligent; and the court charges you that it would not be negligent for a person to park his automobile on the side of a road, that is on the right hand side of the road in the direction in which the person is traveling."

6. It was not error to overrule the defendant's motion for a mistrial, based upon the fact that the plaintiff had fainted in the presence of the jury

and was in their presence carried from the court-room, and upon the further fact that she had previously sobbed during the trial. In the matter of declaring a mistrial based upon such grounds the trial court had a broad discretion, and it does not appear that this discretion was abused.

7. The constitutional question raised in the 9th ground of the motion for a new trial refers to the constitutionality of a statute of this State. and as it was raised for the first time in the motion for a new trial, and was not made in any way pending the trial, it cannot be considered by this court. *Hendry* v. *State*, 147 *Ga.* 260 (8) (93 S. E. 413); *Starling* v. *State*, 149 *Ga.* 172 (99 S. E. 619). See also *McClelland* v. *State*, 27 *Ga. App.* 783 (110 S. E. 245.)

8. The verdict was authorized by the evidence, and the overruling of the motion for a new trial was not error.

       *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*
            DECIDED APRIL 11, 1922.

Action for damages; from city court of Macon — Judge Gunn December 3, 1921.

*John P. Ross,* for plaintiff in error.

*Walter DeFore, James C. Estes,* contra.