16219. OWENS, by guardian, *v.* ANCHOR DUCK MILLS.

BELL, J. 1. In order for a mother to recover under the provisions of § 4424 of the Civil Code for the homicide of her child, it must appear not only that the child contributed substantially or materially to her support, but also that she was dependent upon it to an appreciable or material degree therefor. *Clay* v. *Central R. Co.*, 84 *Ga.* 345 (1) (10 S. E. 967); *Western Union Telegraph Co.* v. *Harris*, 6 *Ga. App.* 260 (4) (64 S. E. 1123); *Central of Georgia Ry. Co.* v. *Swann*, 19 *Ga. App.* 691 (1) (91 S. E. 1068); *Savannah Electric Co.* v. *Thomas*, 30 *Ga. App.* 405 (8) (118 S. E. 481).

2. Where the mother of a child for whose death she sued by guardian, under § 4424, supra, had, while a citizen of this State and long prior to the child's homicide, been duly committed by the ordinary to the Georgia State Sanitarium, as an insane person, and remained an in-

mate of that institution under the commitment until the time of the homicide, she was not dependent upon the child for her support within the meaning of the code section just referred to. Civil Code (1910), §§ 1576, 1601, 1605, 1606, 1607; *Smith* v. *Hatcher,* 102 *Ga.* 158 (2) (29 S. E. 162); Rees *v.* Penrikyber Nav. Colliery Co. (1903), 1 K. B. 259, 72 L. J. K. B. 85, 87 L. T. 661, 5 B. W. C. C. 117; Roberts *v.* Whaley, 192 Mich. 133 (1) (158 N. W. 209, L. R. A. 1918A, 189).

3. The above facts appearing in the petition should prevail over the conclusion of the pleader that the plaintiff was dependent upon the child. Conclusions in pleadings are to be disregarded where they are contradicted by the particular facts alleged. *Flynt* v. *Southern Ry. Co.,* 7 *Ga. App.* 313 (1) (66 S. E. 957); *Moore* v. *Seaboard Air-Line Ry. Co.,* 30 *Ga. App.* 466 (4) (118 S. E. 471).

4. Counsel for the plaintiff in error, who seek to have the petition construed only as an action under § 4424, supra, seem to concede that the petition fails to show dependency, but contend that this fact is not essential to the action where it sufficiently appears that the child contributed materially or substantially to the parent's support. Notwithstanding dependency and contribution are mentioned alternatively in the code, it has been uniformly held, since the decision of the Supreme Court in *Clay* v. *Central R. Co.,* supra, that dependency and contribution must both be shown in order for the parent to be entitled to recover in such an action. See *Hudson* v. *Devlin,* 28 *Ga. App.* 458 (1) (111 S. E. 693).

5. The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided September 9, 1925.

Action for damages; from Floyd superior court — Judge Wright. January 10, 1925.

*Porter & Mebane,* for plaintiff.

*Paul H. Doyal, Maddox, Matthews & Owens,* for defendant.