NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

GLADYS PENNEY HOLDEN, PETITIONER, v. PUBLIC SER-
VICE ELECTRIC AND GAS COMPANY, RESPONDENT.

Decided February 24, 1938.

For the petitioner, *Armstrong & Mullen.*

For the respondent, *Henry H. Fryling.*

\* \* \* \* \* \* \*

The facts in the case *sub judice* are not disputed.

Decedent was employed by respondent at a weekly wage of $45.20. On May 17th, 1937, he fell or was thrown from a pole sustaining injuries which caused his death. He left surviving him a widow and adult children.

The petition is filed by the guardian of the widow.

There is no question that decedent died as a result of an accident arising out of and in the course of his employment, but the disputed question is the dependency of the widow. The marital relationship is admitted.

It would appear that the widow, Theresa Penney, in the year 1922 was confined to the State Hospital for the Insane at Greystone Park. A final order of commitment was issued in 1923 to this institution. Affidavits made by decedent were to the effect he had no money saved, no property or estate and could not pay for his wife's maintenance. She was subsequently released from this institution and on March 18th, 1927, she was recommitted to Hudson County Hospital at Secaucus and the decedent was ordered to pay towards the expense of her confinement $3.78 per week.

Subsequently on August 26th, 1927, a final order commiting the widow to Hudson County Hospital at Secaucus was signed eliminating any provision for her support by decedent.

Pursuant to order of March 18th decedent paid approximately $20.

From 1927 to 1931 at certain short intervals Theresa Penney, the widow, was allowed to visit her home but since 1931 to date due to her mental condition she has not been permitted to leave the institution.

Certain testimony was introduced to reflect that at times decedent furnished his wife with articles of clothing, food and other necessities but from records of institution little or no weight could be given to same. The facts are without question that the three requisites of dependency, viz., food, shelter and raiment were and are being furnished by the county.

A dependent, in law, is one who is sustained by another or relies for support upon the aid of another; who looks to another for support and relies upon another for reasonable necessities consistent with the dependent's position in life. The dependency which justifies an award is personal dependency for support and maintenance—an actual dependency for support consistent with the dependent's position in life. It does not include the maintenance of others whom the dependent is under no legal or moral obligation to maintain or contribution which merely enables the donee to accumulate money.

I have carefully considered the testimony, studied the briefs of both attorneys as well as made a careful research of cases. The only case and one which is cited by the respondent's attorney in his brief is that of *Roberts* v. *Whaley,* 158 *N. W. Rep.* 209. Compensation was disallowed.

The Supreme Court of Michigan, in holding that under such circumstances the wife was not dependent, said:

"It appears without dispute that the wife was not living with her husband at the time of his death, and had not lived with him for nine years prior thereto. Therefore it is obvious that if she is entitled to the award, it must be by reason of

her dependency on him. That question is one of fact. The stipulation of facts shows that she has been supported by the state for upwards of nine years, and that the deceased has contributed nothing. I am unable to see how upon this record it can be said that she was dependent upon her husband for support at the time of his death. The record simply shows that she was not. For cases supporting this view, see *New Monckton Collieries, Ltd.,* v. *Keeling,* 4 *B. W. C. C.* 332; *Lee* v. *"Bessie,"* 1 *K. B.* 85; 81 *L. J. K. B.* 114; 105 *L. T.* 659; 5 *W. C. C.* 55; *Polled* v. *Great Northern Railway Co.,* 5 *B. W. C. C.* 620; *Devlin* v. *Delaw Main Collieries,* 5 *Id.* 349; *Niddrie & Benhar Coal Co., Ltd.,* v. *Young,* 5 *Id.* 552; *In re Nelson,* 217 *Mass.* 467; 105 *N. E. Rep.* 357; *In re Bentley,* 217 *Mass.* 79; 104 *N. E. Rep.* 432; *Batista* v. *West Jersey and Seashore Railroad Co.* (*New Jersey Supreme Court*), 88 *Atl. Rep.* 954; *In re Jones, Ohio Ind. Com.* 6 *N. C. C. A.* 250; *Finn* v. *Railway,* 155 *N. W. Rep.* 721.

"Where the issue of dependency is one of fact, proof that claimant is the wife of the deceased is of course admissible, and in connection with other facts may be of help in determining that issue. Or, if the issue is whether the wife is conclusively presumed to be dependent, proof of the fact of marriage standing alone might raise a presumption that she was living with deceased at the time of his death, because wives usually live with their husbands. But where proof of marriage is followed by a concession that she had not lived with the deceased for nine years prior to his death, that she had been supported by the state, and that her husband had contributed nothing toward her support during that period, the value of such proof either on question of dependency, or in aid of the presumption, has very little force.

"The fact that claimant did not voluntarily separate from her husband is urged as a reason why she should be regarded as constructively living with him during her absence. Were this proceeding one to recover for necessaries furnished her by another, or a divorce proceeding, in which permanent alimony was to be awarded to her, this consideration would be important. This proceeding, however, is based upon a statute

which provides a fund, not for the benefit of the working-man's estate, not for the benefit of his creditors, not for those equitable entitled to be supported by him, but the fund is provided for the benefit of those dependent on his labor at the time of his death."

Reverting to the act we find that "dependents" shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or death namely: husband, wife * * *. Provided, however, that dependency shall be conclusively presumed as to the decedent's widow and natural children under sixteen years of age *who were actually a part of decedent's household at the time of his death.*

Bouvier defines dependent as "one who derives support from another."

In my opinion the widow, Theresa Penney, was not a dependent as defined by the act and is therefore not entitled to compensation.