## ARTEAGA v. ALLEN.
### No. 8772.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1938.

510

Allen Post, of Atlanta, Ga., and T. Baldwin Martin, of Macon, Ga., for appellant.

Erwin Sibley, of Milledgeville, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

## HUTCHESON, Circuit Judge.

The suit was under Sec. 105-1307 of the Georgia Code of 1933[1] for damages for the negligent homicide of appellant's son. The claim was that while suffering from manic depressive psychosis with a strong tendency to commit suicide, her unmarried son was placed in Allen's Invalid Home, an institution maintained by appellee for the care of such cases. That though in this condition it was necessary to watch him at all times to prevent his harming himself, and this was known to appellee, she negligently permitted him to be left unattended and to commit suicide by hanging. Defendant's demurrer to the petition as finally amended was sustained, and plaintiff appealed.

Here appellee puts forward three grounds in support of the ruling on the demurrer; (1) that the petition alleging that appellant and her son were aliens, and not alleging that he was lawfully admitted into the United States, shows no right of action for his death here; (2) that the petition fails to show that appellant was dependent upon or received contributions from her son within the meaning of the Georgia statutes so as to entitle her to sue for his death, and (3) that the damages claimed are remote and speculative.

The first ground may be quickly disposed of as wholly without merit. Nothing in the petition in any manner suggests that appellant's son entered or was in the United States illegally. It was no part of her case to affirmatively allege a legal entry, and her failure to do so is not ground of demurrer. But if it be assumed that her son's entry was illegal, it could not possibly follow that by such illegal entry he was made an outlaw, whose death any could compass without legal accountability.

The second point, however, under Georgia decisions construing the Georgia statute plaintiff invokes, stands differently. These decisions declare it to be a condition of recovery that both a real state of dependency and a real condition of contributing be shown to exist, not before, or in expectation after, but at the time of the death. Under these decisions, whatever view might be taken of appellant's status as to dependency and contribution before the onset of her son's mental disablement, the facts disclosed by her petition show her to be disentitled to sue. These facts are: That beginning in October, 1936 the deceased became despondent and melancholy; arrangements had to be made to turn over all business matters to the father. This condition continued to become progressively worse until in 1937 he was brought to an alienist in Atlanta, Georgia; there his trouble was diagnosed as manic depressive psychosis with a marked tendency to suicide; he was committed to an institution, and a month later hanged himself. These facts, under the Georgia decisions, leave in no doubt, we think, that at the time of his death he was not contributing to her support, she was not dependent upon him, within the statute. Smith v. Hatcher, 102 Ga. 158, 29 S.E. 162; Owens v. Anchor Duck Mills, 34 Ga.App. 315, 129 S.E. 301; Brawner v. Bussell, 50 Ga.App. 843, 179 S.E. 231.

The judgment is affirmed.

---

[1] "A mother, or if no mother, a father, may recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contributes to her or his support, unless said child shall leave a wife, husband, or child. The mother or father shall be entitled to recover the full value of the life of such child."