CLAY *v.* THE CENTRAL RAILROAD AND BANKING COMPANY OF GEORGIA, and *vice versa.*

1. The intention of the act of the legislature of October 27, 1887, "to amend section 2971 of the code," etc., providing that "a mother, or if no mother, a father, may recover for the homicide of a child, minor or *sui juris,* upon whom she or he is dependent or who contributes to his or her support," was not to give the right of recovery to the mother or father unless he or she was dependent upon the child for support, and the child, before his death, contributed to the support of such parent. For the word "or" after the word "dependent" the word "and" should be substituted.
(*a*) In the absence of allegation that the parent plaintiff was dependent upon the deceased child, and it being uncertain from the evidence that the deceased contributed to the support of the parent, a new trial was proper, after verdict in the parent's favor.
2. Though an amending statute may have different objects and purposes from those of the original, it is germane thereto if it be upon the same subject. This applies to the statute amendatory of the code section upon the subject of giving a right to recover damages for homicide.
(*a*) That the amending statute prescribes the measure of damages to be the full value of the life of deceased, with no deduction for his necessary or personal expenses had he lived, does not render it unconstitutional. It is as general a law as the law it amends; and the legislature is not prohibited from prescribing a rule for the measure of damages.
February 10, 1890.

Railroads.    Torts.    Parent and child.    Actions. Statutes.    Constitutional law.    Construction.    Damages.    Before Judge GUSTIN.    Houston superior court. April term, 1889.

Reported in the decision.

WILLIS & BATTLE, C. C. DUNCAN and L. F. GARRARD, for plaintiff.

R. F. LYON, for defendant.

BLANDFORD, Justice.

The plaintiff brought her action against the defendant company to recover damages for the homicide of her son, who was a minor, alleging that he was killed by the carelessness and negligence of the agents and servants of the railroad company; that he was twenty years of age, unmarried, and left no wife or child, and that he contributed largely to the support and maintenance of the plaintiff. A verdict was rendered in favor of the plaintiff, and the railroad company moved for a new trial upon several grounds. The court granted the same upon the 5th and 7th grounds of the motion, and refused to grant it upon the other grounds contained therein. The 5th and 7th grounds are substantially that the verdict is contrary to the evidence, and without evidence to support it. The plaintiff thereupon filed her bill of exceptions, alleging that the court erred in granting a new trial upon the grounds mentioned; whereupon the defendant filed a cross-bill of exceptions, alleging as error the refusal of the court to grant a new trial upon the other grounds stated in said motion.

1. Whether the court was right in granting a new trial depends upon the law as applicable to this case. The legislature of Georgia passed an act, which was approved on October 27th, 1887, entitled "An act to amend §2971 of the code of 1882, as amended by the act approved December 16th, 1878," etc. The section of the code to be amended prescribes that a widow, or if no widow, a child or children, may recover for the homicide of the husband or parent; that the plaintiff, whether widow or child, or children, may recover the

full value of the life of the deceased as shown by the evidence; and further, that if a suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter case to the surviving child or children. The amendment of October, 27th, 1887, prescribes for inserting after the words, "surviving child or children," the following: "The husband may recover for the homicide of his wife, and if she leave child or children surviving, said husband and children shall sue jointly and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action. A mother, or if no mother, a father, may recover for the homicide of a child, minor or *sui juris*, upon whom she or he is dependent or who contributes to his or her support, unless said child leave a wife, husband or child." And it is further prescribed in said amendment that "the full value of the life of the deceased, as shown by the evidence, as used in this section, shall be held to mean the full value of the life of the deceased, as shown by the evidence, without any deduction for necessary or other personal expenses of the deceased had he lived."

The first thing to be considered is, what is the meaning of the words, " A mother, or if no mother, a father, may recover for the homicide of a child, minor or *sui juris*, upon whom she or he is dependent or who contributes to his or her support ? "  We are of the opinion that the legislature did not intend to give to a mother or father, under the circumstances stated, the right to recover for the homicide of a child, unless the mother or father was dependent upon such child for a support *and* such deceased child contributed to the support or maintenance of the mother or father. We are of the opinion

that the word " *or* " as used in this clause of the act providing that the mother, or if no mother, the father, may recover for the homicide of a child, minor or *sui juris*, upon whom she or he is dependent " or " who contributes to his or her support, (and which occurs before the words, " who contributes to his or her support,") means and should be read, " and " who contributes to his or her support. So, according to the meaning which we give to this clause of the act, it would read thus : " A mother, or if no mother, a father, may recover for the homicide of a child, minor or *sui juris*, upon whom she or he is dependent and (instead of " or ") who contributes to his or her support." We think it was clearly the intention of the legislature, in framing this act, to confer upon the mother or father the right to sue for the homicide of a child only in case that such parent was dependent upon such deceased child for a support, and such deceased child before his death contributed to the support or maintenance of such parent. The use of the words " dependent " and " support " inclines us to the belief that the legislature never intended to confer upon a parent who was not dependent for support upon such deceased child any such right of action. So, then, in order to carry out what, in our opinion, was the manifest intention of the legislature, we read the little word " or " as " and," by which we think we have correctly construed the true intent of the legislature in the passage of this law. It is laid down as a rule of law that, in order to carry out the intention of the legislature, it is sometimes found necessary to read the conjunctions " or " and " and" one for the other. They may be used interchangeably where it may be necessary to carry out the intention of the legislature. See the following cases : State *v.* Brandt, 41 Iowa, 593 ; State *v.* Myers, 10 *Id.* 448 ; People *v.* Sweetser, 1 Dak. 308 ; Fowler *v.* Padget, 7 T. R. 509 ; Reeks

*v.* Mortlake, 6 East, 37 ; Rolland *v.* Commonwealth, 82
Pa. St. 306, 326; Vance *v.* Grey, 9 Bush (Ky.), 656;
Commonwealth *v.* Harris, 13 Allen, 534, etc., etc. See
also Endlich on Interpretation of Statutes, §§303, 304
and 305, and cases cited.

It is not even alleged in the declaration of the plain-
tiff in the court below that she was dependent · upon
the deceased child, and it is far from certain, under the
evidence submitted, that the deceased contributed to
the support of his mother ; so we think the court did
right to grant the motion for a new trial upon the two
grounds mentioned.

2. We do not think it is necessary to notice any of
the grounds taken in the cross-bill of exceptions, as
they appear to have been abandoned by the able counsel
who argued it, with the exception of one wherein
counsel contended that the act of the legislature con-
ferring this right of action, before stated, was uncon-
stitutional and void. We think the act is not uncon-
stitutional or obnoxious to the constitution, upon the
grounds stated by counsel or upon any other grounds
which might be taken thereto.· · The first ground urged
by counsel is, that the act is unconstitutional because it
contains more than one subject-matter. The subject-
matter of the act was to amend a certain section of the
code *supra,* and the amendment was germane to the
provisions of that section and was upon the same sub-
ject. The subject-matter, therefore, was to amend the
section ; and while there might have been different ob-
jects and purposes in the amended act from those con-
tained in the original, yet the amendment was germane
thereto. It was all upon the subject of giving a right
to recover damages for homicide ; so we do not think
that the act is obnoxious to that provision of the con-
stitution which requires the body of the act to conform
to its title, and that the same shall not contain more

than one subject-matter. It is further insisted by counsel that the act is unconstitutional because it prescribes a rule of construction, and that the legislature had no power to prescribe the rule of construction of a law; that this is a duty of the judicial department of the government; and therefore it is a violation of the constitution, which declares that the three departments of the government shall be kept separate and distinct. We do not concur in this view taken by the able counsel for the plaintiff in error. We think the act merely prescribes a different rule for the measure of damages, and we know of nothing in our constitution which prohibits the legislature from prescribing a rule for the measure of damages. Another ground taken, alleging its unconstitutionality, is that the amended act prescribes the measure of damages to be the full value of the life of the deceased person, and that whatever might be the necessary or personal expenses of the person so killed had he lived, should not be deducted therefrom. Counsel insists that the act is unconstitutional because the general law, before the passage of this act, was that only the value of the life of the deceased person, after deducting such expenses as the deceased would have incurred had he lived, could be recovered. We do not clearly apprehend what is the true meaning of this ground of objection. The act which was amended was a general law of the State, and the amendment seems to us to be as general as was the original act itself. How it can be said to be a special act we cannot understand.

So we think, upon the whole, the act is constitutional; and we do not think, therefore, that there is anything in the cross-bill of exceptions; and the judgment of the court upon both bills is        *Affirmed.*