## SMITH *v.* HATCHER.

1. It is essential to the maintenance of an action by a parent for the homicide of his child, that the former should, at the time of the homicide, be to a material extent dependent upon the latter for a support, and that the child should then be actually contributing thereto.

2. Accordingly, where a son while serving a term as a penitentiary convict was unlawfully killed, but at the time of his death was not actually contributing to his father's support, the latter could not recover for the homicide.

3. The plaintiff's action ought to have been dismissed on demurrer.

Argued June 24, — Decided August 4, 1897.

Action for damages. Before Judge Milner. Bartow superior court. July term, 1896. ·

*David W. Meadow* and *John L. Hopkins & Sons*, for Smith.
*John W. Akin*, for Munford Mining Company.
*Fouche & Fouche* and *Albert S. Johnson*, contra.

LUMPKIN, P. J. An action was brought by Andrew J. Hatcher against James M. Smith and others, for the alleged · unlawful homicide of the plaintiff's son, Edward Hatcher. The petition was filed June 23, 1896, and made, in substance, the following case: The plaintiff's son was convicted of a felony, was sentenced to a term of five years in the penitentiary, and, on or about the 8th day of December, 1894, delivered to the defendants by the principal keeper of the penitentiary for confinement and labor, as provided by law. In consequence of the defendant's negligence, he was killed on the 3d day of February, 1896. His sentence, if he had lived, would have expired on or before December 1, 1899. This son had never married, and, at the time of his death, the plaintiff was a widower. The deceased "contributed to petitioner's support," and "petitioner was dependent upon his said son for support." "Said Edward Hatcher was, before his imprisonment, earning the sum of two dollars per day, and would have been capable of earning that amount, or more, after his imprisonment was over."

The defendant Smith demurred to the petition on various grounds, one of which was that no cause of action was set forth. His demurrer being overruled, he excepted.

It will be observed-that the petition does not allege that the plaintiff's son was, at the time of the homicide, actually contributing to the plaintiff's support. The phrase, "contributed to petitioner's support," construed in connection with the other allegations of the petition, manifestly means that the deceased

son had, before his confinement in the penitentiary, contributed to the father's support. Taking these allegations all together, he could not be doing so while engaged in his labors as a convict. The petition must, therefore, be taken to mean that the contribution by the son to the father's support was something which related to the past; and, also, that there was an expectation on the parent's part that such contribution would be resumed after the son's sentence in the penitentiary had been served out and he had been discharged.

The statute giving a right of action to a parent for the homicide of a child, and conferring upon the former the right to recover the full value of the child's life, is, to say the least, a harsh one, and must be strictly construed. The language of the statute is, that "A mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless said child leave a wife, husband, or child. Said mother or father shall be entitled to recover the full value of the life of said child." Civil Code, § 3828. This court, in *Clay* v. *Central R. R. & Banking Co.*, 84 *Ga.* 345, held that the word "or," after the word "dependent," should be construed to mean "and." Therefore, in order to entitle a parent to recover, it must appear that he, or she, is dependent on the child, *and* that the latter contributes to the parent's support.

Special attention is called to the use of the verbs "is" and "contributes," in the present tense. The law does not, therefore, mean that a parent may recover for the homicide of a child upon whom he, or she, *has been* dependent, and who *has* contributed to the parent's support; nor for the homicide of a child upon whom the parent *might*, at some future time, become dependent, and who *might*, but for the homicide, have contributed to the parent's support. The test is applied at the time of the death. The actual condition at that time is to be looked to. Neither the past, nor the uncertainties, nor the possibilities, of the future, are to be considered. According to the petition in the present case, the deceased son had been, for more than a year before he was killed, a penitentiary convict under a sentence which would not have expired until after

the lapse of three years and some months. He was in the custody of the law, chained, confined, and, so far as the petition shows, absolutely without ability to contribute to the father's support. The petition does not allege that he was *then* contributing. It could not, upon the facts therein stated, truthfully have so alleged.

Our conclusion therefore is, that no cause of action was set forth, and that the court erred in overruling Smith's demurrer to the petition. This case differs from that of *Boswell* v. *Barnhart*, 96 *Ga.* 521, in which a widow recovered for the unlawful homicide of her husband while confined in a chain-gang. The right of a widow to recover for the homicide of her husband exists independently of the question whether or not he actually contributed to her support.

<div align="center">

*Judgment reversed.    All the Justices concurring.*