16532.  WESTERN & ATLANTIC RAILROAD CO. *v.*
ANDERSON.

"It is essential to the maintenance of an action by a parent for the homicide
of his child that the former should at the time of the homicide be to a
material extent dependent upon the latter for a support, and that the
child should then be actually contributing thereto."

DECIDED OCTOBER 6, 1925.

Damages.; from Cobb superior court—Judge Blair.  April 15,
1925.

*Tye, Peeples & Tye, Morris, Hawkins & Wallace,* for plaintiff
in error.

*Hewlett & Dennis, John T. Dorsey,* contra.

BLOODWORTH, J.  On May 1, 1922, Ernest G. Harris was killed
by a train of the defendant.  His mother brought suit for damages
against the defendant under the following provision of section
4424 of the Civil Code of 1910:  "A mother, or, if no mother, a
father, may recover for the homicide of a child minor or sui
juris, upon whom she or he is dependent, or who contributes to
his or her support, unless said child leave a wife, husband, or
child.  Said mother or father shall be entitled to recover the full
value of the life of said child."  On the trial the mother testified
in part as follows:  "My son didn't contribute anything to my
support during the whole year of 1921, and he died on the first day
of May, 1922. . .  I was living in Decatur with my two single
daughters. . .  My two daughters and I live in the house to-
gether and keep house together, us three, and these two girls work
out. . .  We three staid there and kept house together and I
lived off the common fund of my daughters and contributed what
labor I could. . .  I never asked him (deceased) for anything
in 1921.  I was dependent upon my daughters for support; and
in 1922 I depended upon my daughters for support other than
the $45 that he gave me, and the $25 that he paid for my glasses,
and paying for those shoes."  The mother further swore that these
gifts to her were made "four months before he died."  The record
further shows, that, beside the gifts just mentioned, the deceased
made no contribution to his mother's support for the sixteen months
immediately preceding his death.  The principle announced in
*Smith* v. *Hatcher,* 102 *Ga.* 158 (29 S. E. 162), is controlling in
the case we are now considering, and we have adopted the first

headnote in that case as the headnote in this one. In the opinion in that case (p. 160) the Supreme Court said: "This court in *Clay* v. *Central R. & Banking Co.,* 84 *Ga.* 345, held that the word 'or,' after the word 'dependent,' should be construed to mean 'and.' Therefore, in order to entitle a parent to recover, it must appear that he, or she, is dependent on the child, *and* that the latter contributes to the parent's support. Special attention is called to the use of the verbs 'is' and 'contributes,' in the present tense. The law does not, therefore, mean that a parent may recover for the homicide of a child upon whom he, or she, *has been* dependent, and who *has* contributed to the parent's support; nor for the homicide of a child upon whom the parent *might,* at some future time, become dependent, and who *might,* but for the homicide, have contributed to the parent's support. The test is applied at the time of the death. The actual condition at that time is to be looked to. Neither the past nor the uncertainties, nor the possibilities, of the future, are to be considered." In *Fuller* v. *Inman,* 10 *Ga. App.* 688 (74 S. E. 291), Judge Pottle said: "The statute contemplates present support. It does not deal with the past or future. The child must have been actually contributing to the support of the parent at the time of its homicide, and the parent must have been dependent, either wholly or in part, upon the child at that time, in order to authorize a recovery." The evidence for the plaintiff fails to show that at the time of the death of her son she was dependent upon him, and that he was at that time contributing to her support. See *Augusta Southern Railroad Co.* v. *McDade,* 105 *Ga.* 134 (7),

   *Judgment reversed. Broyles, C. J., and Luke, J., concur.*
138 (7) (31 S. E. 420).