24050. BRAWNER *et al. v.* BUSSELL.

STEPHENS, J. 1. The right of a mother, under the Civil Code of 1910, § 4424, to recover for the tortious homicide of her child upon whom she is dependent and who contributes to her support, is purely statutory,

and is not a right at common law. Her right is dependent upon an actual dependency upon the child for support and the actual contribution by the child at the time to the mother's support. *Smith* v. *Hatcher*, 102 *Ga.* 158 (29 S. E. 162); *Clay* v. *Central Railroad &c. Co.*, 84 *Ga.* 345 (10 S. E. 967); *Kent* v. *Consumers Co.*, 47 *Ga. App.* 213 (170 S. E. 202); *W. & A. Railroad Co.* v. *Anderson*, 34 *Ga. App.* 435 (129 S. E. 896); *Fuller* v. *Inman*, 10 *Ga. App.* 680, 688 (74 S. E. 287). Where, although the child, who at the time of his homicide was confined in a hospital or sanitarium under treatment for a mental derangement, may prior thereto have rendered valuable services to the mother and had contributed to her support, but where during the confinement and at the time of the homicide he was not actually contributing to her support, and, notwithstanding his condition was only temporary and that under proper treatment and care he would recover within fifteen days to two months, which was speculative only, his condition was of uncertain duration, and where on account of his mental condition he, after he had been placed in the hospital, killed himself by cutting his throat with a knife or sharp instrument, he at the time of his homicide was not contributing to the mother's support, as provided in the Code section, supra.

2. The petition of the mother, in a suit against the authorities of the hospital, to recover for the child's homicide which it is alleged was caused by the negligent failure of the defendants, with knowledge of the child's condition, to care for and guard the child, and thereby to permit the child to kill himself with a knife or sharp instrument, failed to set out a cause of action, and the court erred in overruling the demurrer.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 23, 1935.

*Bryan, Middlebrooks & Carter, Morris & Morris,* for plaintiffs in error.

*Blair & Gardner,* contra.

