25431.  CLEMENTS *v.* POLLARD, receiver.

DECIDED JUNE 18, 1936.

*J. F. Hatchett, J. B. Hatchett,* for plaintiff.
*Arnold & Baille, Atkinson & Allen,* for defendant.

SUTTON, J.  The plaintiff brought suit to recover of the defendant damages for the alleged negligent homicide of her son, aged 30, alleging that her son contributed materially to her support, but not alleging that she was dependent on him or that he did not leave surviving him any wife or child.  The defendant demurred to the petition on certain grounds, both general and special.  The judge sustained certain special demurrers, with leave to amend.  Plaintiff amended, and to the judgment finally dismissing her petition as amended the plaintiff excepted.

1.  "A mother  .  .  may recover for the homicide of a child, minor or sui juris, upon whom she  .  .  is dependent, or [and] who contributes to  .  .  her support, unless said child shall leave a wife . . or child."  Code, § 105-1307. At common law an action for damages on account of the death of a human being would not lie.  The above statute is therefore in derogation of the common law; and unless a mother suing for the death of her son sui juris affirmatively pleads the facts essential to bring herself within the provisions of the act, she is not entitled to maintain the suit. *Clay* v. *Central R. &c. Co.,* 84 *Ga.* 345 (10 S. E. 967); *City of Albany* v. *Lindsey,* 11 *Ga. App.* 573 (75 S. E. 911); *Stoddard* v. *Campbell,* 27 *Ga. App.* 363 (108 S. E. 311).  A mother has no right to sue for the death of her son where he leaves a wife or

child; and where she does so sue, it must affirmatively appear from the petition that he left no wife or child, or the action is subject to dismissal. *Butts* v. *Moultrie,* 39 *Ga. App.* 685 (148 S. E. 278); *W. & A. R.* v. *Allgood,* 41 *Ga. App.* 484 (153 S. E. 442); *Lamb* v. *Tucker,* 146 *Ga.* 216 (91 S. E. 66).

2. A petition by a mother for damages on account of the death of her son must not only show that the deceased child contributed substantially or materially to her support, but that she was dependent on him therefor to an appreciable or material degree. *Smith* v. *Hatcher,* 102 *Ga.* 158 (29 S. E. 162); *Owens* v. *Anchor Duck Mills,* 34 *Ga. App.* 315 (129 S. E. 301); *Kent* v. *Consumers Co.,* 47 *Ga. App.* 213 (170 S. E. 202); *Brawner* v. *Bussell,* 50 *Ga. App.* 843 (179 S. E. 231); *W. & A. R.* v. *Anderson,* 34 *Ga. App.* 435 (129 S. E. 896); *Central of Ga. Ry. Co.* v. *Swann,* 19 *Ga. App.* 691 (91 S. E. 1068); *Fuller* v. *Inman,* 10 *Ga. App.* 680 (74 S. E. 287).

3. Applying the above principles, the petition was fatally defective and subject to general demurrer in that (1) it did not affirmatively appear therefrom that the plaintiff's son left no wife or child surviving him; and (2) it failed to set forth both that plaintiff was at the time dependent on her son for support and that he contributed thereto, the sole allegation being that her son contributed materially to her support, to wit $15 per month. The judge did not err in dismissing the action.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*