WILSON, administrator, *v.* POLLARD, receiver.

No. 13183. APRIL 9, 1940.

*Arnold, Gambrell & Arnold* and *Ernesl M. Smith,* for plaintiff.
*Beck, Goodrich & Beck* and *R. O. Jackson,* for defendant.

DUCKWORTH, Justice. ■ In determining whether or not the word "administrator" in the Code, § 105-1309, embraces a "temporary administrator," it is important to consider the legislative purpose in enacting the law. No special rights are conferred upon the administrator or executor, nor is there imposed upon such administrator or executor a single duty or responsibility to be performed in a representative capacity. The sole purpose of the legislature in using the words "administrator or executor" is to designate an agency for the prosecution of the suit thereby provided for. Manifestly there is no intention to involve the estate represented by such administrator or executor in the suit provided for in this section. Any recovery in such a suit is the property of the relative for whose benefit the suit is brought, and it at no time constitutes a part of the estate of the decedent. The defendant strongly emphasizes the fact that a temporary administrator is appointed in vacation on his application, without notice, and without approval of any of the heirs of the estate, and is empowered to collect and hold the assets of the estate without being authorized to pay out any funds belonging to the estate. Based upon these facts, it is contended that the competency and judgment required of the administrator in deciding whether or not he shall bring the suit provided for under the Code, § 105-1309, has nowhere been considered and determined as is done with reference to a permanent administrator. The suit here involved places no responsible duties on the administrator, but simply identifies a person in whose name the suit must be maintained for the benefit of those entitled to recover under the act. It is not contended that the general law of this State with reference to a temporary administrator withholds from him the

right to maintain a suit in behalf of the estate which he represents. That such temporary administrator is authorized to sue on behalf of the estate can not be denied. Code, § 113-1511; *Reese* v. *Burts,* 39 *Ga.* 565; *Mason* v. *Atlanta Fire Co.,* 70 *Ga.* 604 (48 Am. R. 585); *Pollock* v. *Cox,* 108 *Ga.* 430 (34 S. E. 213). The word "administrator" as used in the statute is unrestricted and unlimited. It necessarily follows that any administrator is included, and therefore that a temporary administrator is a proper party to bring suit under the Code, § 105-1309.

█ The mere fact that there exists a legal duty of a husband to support his wife will not prevent the wife, although living with her husband who contributes to her support, from being dependent upon an unmarried sister who also contributes to her support, as contemplated under the Code, § 105-1309. In *Daniels* v. *Savannah, Florida & Western Railway Co.,* 86 *Ga.* 236 (12 S. E. 365), it was held that a mother might recover for the homicide of her child, where the child contributed to her support and she was substantially dependent upon the child in part for support, although she was likewise dependent upon her husband and her own labor. See *Richmond & Danville Railroad Co.* v. *Johnston,* 89 *Ga.* 560 (15 S. E. 908); *Augusta Railway Co.* v. *Glover,* 92 *Ga.* 132 (18 S. E. 406); *Atlanta & Charlotte Air-Line Railway Co.* v. *Gravitt,* 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145); *Georgia Railroad & Banking Co.* v. *Spinks,* 111 *Ga.* 571 (36 S. E. 855); *Atlantic Coast Line Railroad Co.* v. *McDonald,* 135 *Ga.* 635 (70 S. E. 249); *Reid* v. *Moyd,* 186 *Ga.* 578 (198 S. E. 703). Where an unmarried sister lives in the house with the married woman and her husband three months each year, and while living in the home performs such services as general housework, cooking, washing, ironing, sewing, sweeping the yard, working in the garden, and doing everything that goes with general housekeeping, receiving her food, lodging, and clothing from the married woman or her husband, for which she pays nothing, but where the value of her services is more than the value of her food, lodging, and clothing, there is dependency and contribution sufficient to support a recovery under the Code, § 105-1309, for the tortious homicide of the unmarried sister. Although the Court of Appeals begins question 2 with the statement that the married woman lives with and is supported by her husband, yet the question further recites the services

rendered to the married woman by her unmarried sister, thus showing that the married woman is not in fact fully supported by her husband, but is also supported by the services of her unmarried sister. We have accordingly dealt with the question as if the opening statement therein does not mean entire support. Otherwise this opening statement would constitute an answer in the negative to the entire question. To the extent of contribution in the form of services rendered by the unmarried sister there is a corresponding dependency. Thus we have in the facts recited both dependency and contribution as required by section 105-1309.

■ The statute contemplates present support. The test is applied at the time of the death. Neither the past, nor the uncertainties, nor the possibilities of the future are to be considered. *Clay* v. *Central Railroad & Banking Co.*, 84 *Ga.* 345 (10 S. E. 967) ; *Smith* v. *Hatcher*, 102 *Ga.* 158 (29 S. E. 162) ; *Western & Atlantic Railroad Co.* v. *Anderson*, 34 *Ga. App.* 435 (129 S. E. 896) ; *Brawner* v. *Bussell*, 50 *Ga. App.* 843 (179 S. E. 231). This rule does not mean, however, that to support a recovery the decedent must have been at the very instant the injury was inflicted engaged in the performance of such services. The rule is sufficiently met when there exists at the time of death an arrangement or plan by which contribution is made or dependency is present. It is not required that brothers and sisters must enter into a specific contract by the terms of which contribution is required or dependency is created, in order that contribution and dependency may exist as contemplated by the statute. It is sufficient if by general consent and understanding among themselves an unmarried sister lives in the home of a married sister three months, and in the home of another married sister three months, and in the home of a married brother for six months in the year, performing the services described in division 2 of this opinion, while living in the respective homes. Under such circumstances each of the two sisters and the brother would be entitled to recover under the Code, § 105-1309, for the tortious homicide of the sister.

■ The fourth question requires a construction of the following language found in the Code, § 105-1309 : "if dependent upon the decedent, or to whose support the decedent contributed." This construction requires consideration of (a) legislative intention, and (b) previous constructions by this court. The act of 1887 (Ga.

L. 1887, pp. 43-45; Code, § 105-1307) provided for a recovery by a mother, or, if no mother, a father, for the tortious homicide of a child, minor or sui juris, "upon whom she or he is dependent, or who contributes to her or his support." In *Clay* v. *Central Railroad &c. Co.*, supra, approximately fifty years ago, this court construed the language just quoted to require both dependency and contribution, to support a recovery under that act. It was held that the word "or" should be construed to mean "and," so that as a basis for recovery dependency and contribution, rather than dependency or contribution as used in the statute, must exist. This construction of that language was approved in *Smith* v. *Hatcher,* supra; and the Court of Appeals has followed that construction in the following cases: *Western & Atlantic Railroad Co.* v. *Anderson,* supra; *Kent* v. *Consumers Co.,* 47 *Ga. App.* 213 (170 S. E. 202); *Brawner* v. *Bussell,* 50 *Ga. App.* 843 (179 S. E. 231); *Clements* v. *Pollard,* 53 *Ga. App.* 544 (186 S. E. 587). The legislature has met many times during the half century that has passed since the decision was rendered in *Clay* v. *Central Railroad &c. Co.,* supra. During this long period the legislature has at no time indicated dissatisfaction or disagreement with the construction placed upon that act, or otherwise indicated that this court by its construction misstated the legislative intent as embodied in that act. By such silence the conclusion is inevitable that the legislature is in agreement with this court's interpretation of that act. Therefore, notwithstanding the fact that it may be difficult to see the reasoning or justification for the construction thus given to the act by this court, the legislative and judicial approval of that interpretation for fifty years requires an adherence thereto by this court.

But we are here dealing, not with the act of 1887, but with an amendment of that act, adopted in 1924. Ga. L. 1924, p. 60. The Code of 1910, § 4424, embraced the act of 1887 (Code, § 105-1307), and the act here under consideration was adopted as an amendment to section 4424 of the Code of 1910. At the time of the enactment of the amendment the legislature knew the construction that had been given to the Code section thereby amended; that is, the language with reference to dependency and contribution. The amendment contained substantially the same language as that contained in the Code; for certainly there can be found no substantial difference in the meaning of the language "upon whom she or he is de-

pendent, or who contributes to her or his support," as contained in the original Code section, and the language "if dependent upon the decedent, or to whose support the decedent contributed," as contained in the amendment. By the use of the quoted language in the amendment, without any indication or intimation that it should have a meaning different from that given to the quoted language from the Code section, the legislature manifestly intended that the language of the amendment should have the same meaning as the similar language of the Code section. In *Lane* v. *Morris,* 10 *Ga.* 162, 173, it was held that where the meaning of words and phrases in a statute has been ascertained, they are to be given that same meaning when used in subsequent statutes or in subsequent parts of the same statute. When a statute of another jurisdiction has been adopted by this State, the construction placed upon such statute by the highest court of that jurisdiction will be given such statute by the courts of this State. *Seaboard Air-Line Railway Co.* v. *Fountain,* 173 *Ga.* 593 (2) (160 S. E. 789) ; *Georgia, Florida & Alabama Railway Co.* v. *Sasser,* 4 *Ga. App.* 276 (7) (61 S. E. 505). See Ledford *v.* Western Union Telegraph Co., 179 N. C. 63 (101 S. E. 533) ; Fuller *v.* South Carolina Tax Commission, 128 S. C. 14 (121 S. E. 478) ; Norfolk &c. Railway Co. *v.* Old Dominion Baggage Transfer Co., 99 Va. 111 (37 S. E. 784, 50 L. R. A. 722) ; Rose *v.* Public Service Commission, 75 W. Va. 1 (83 S. E. 85, L. R. A. 1915B, 358, Ann. Cas. 1918A, 700). In construing the language here under consideration, the Court of Appeals, in *Southern Railway Co.* v. *McCrary,* 55 *Ga. App.* 406 (2), 409 (190 S. E. 195), very appropriately stated : "It is hardly reasonable to suppose that the legislature intended to furnish a broader basis for a right of action to a more distant relative than it had provided for a mother or a father. . . If a father or mother can not sue for the homicide of a son unless there is dependency *and* a contribution to support, certainly it would be ridiculous to hold that a more distant relative could sue where just one or the other of the two factors existed." It is well also to observe that under the Code, § 105-1307, the amount of recovery is the value of the life, whereas under the section here involved the measure of recovery is the extent of the dependency or the pecuniary loss sustained. This indicates a very definite purpose on the part of the legislature to confine the recovery in the latter case to a more limited

extent than in the former, and it is reasonable to say that the legislature intended that the grounds for recovery should not be more extensive in the latter than in the former.

What is here ruled is in harmony, rather than conflict, with the rulings made in *Board of Tax-Assessors of Decatur County* v. *Catledge*, 173 *Ga.* 656 (160 S. E. 909), *Standard Oil Co.* v. *State Revenue Commission*, 179 *Ga.* 371 (176 S. E. 1), *Gazan* v. *Heery*, 183 *Ga.* 30 (187 S. E. 371, 106 A. L. R. 498.), and similar cases, where it has been held that the use of plain and unambiguous language in a legislative act obviates any necessity for judicial construction, and that interpretation of such language by the courts is not authorized by law. The provisions of the Code, § 105-1309, are construed to require both dependency and contribution as a basis upon which recovery is authorized thereunder. The plain and unambiguous meaning of the language here under consideration was established by the ruling in *Clay* v. *Central Railroad &c. Co.*, supra, and subsequent cases, and the meaning thus established is now adhered to.

Questions 1, 2, and 3 are answered in the affirmative. The answer to question 4 is that dependency and contribution must both exist, and that the existence of either dependency, standing alone, or contribution, standing alone, will not authorize a recovery.

*All the Justices concur.*