31482. SOUTHEASTERN STAGES INC. *et al. v.* SMITH *et al.*

DECIDED FEBRUARY 5, 1947.  REHEARING DENIED FEBRUARY 26, 1947.

*Andrews & Nall,* for plaintiffs in error.
*A. M. Kelly, Roberts & Roberts,* contra.

SUTTON, P. J. (After stating the foregoing facts.)

■ Counsel for the plaintiffs in error state in their brief that only the amended grounds of the motion are insisted upon, and, therefore, the general grounds will not be considered.

■ It is contended in special grounds 5 and 7 of the motion that the court erred in giving in charge to the jury the language of the Code, § 105-1307, which provides: "A mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contributes to her or his support, unless said child shall leave a wife, husband, or child. The mother or father shall be entitled to recover the full value of the life of such child," upon the grounds that the charge was not sound as an abstract principle of law and was misleading and confusing to the jury and harmful to movants in that it stated that the plaintiff could recover for the homicide of her son if she was dependent upon him or if he contributed to her support, whereas, the plaintiff was not by law entitled to recover for such homicide unless she was both dependent upon her son and he contributed to her support. Immediately after giving the above Code section in charge, the court instructed the jury: "In order for the mother to recover, under the provisions of the section I have just read to you, for the tortious homicide of her minor child, it must appear at the time of the homicide she was dependent, either wholly or partially, upon the child, and that the child contributed substantially or materially to her support. . . It is the fact of contribution and dependency which creates the right of action in favor of the mother and not the legal obligation to contribute to her support. It was held in *Western Union Tel. Co.* v. *Harris,* 6 *Ga. App.* 260, 264 (64 S. E. 1123): "It is true that, following the ruling in *Clay* v. *Central R. Co.,* 84 *Ga.* 345 (10 S. E. 967), our Supreme Court has several times held that the legislature intended to use in the statute the word 'and' instead of the word 'or'; but certainly it can not be said to be erroneous to give in charge, in its identical terms, the statutory provisions of law which is the basis of a plaintiff's action, if its real meaning is thereafter fully explained to the jury. Indeed this is a proper method of instruction upon the law."

The fact that the judge repeated, in its identical language, the section of the Code which authorized the suit to be brought did not harm the movants, where the court explained its meaning and in-

formed the jury that both dependency and contribution must appear before the plaintiff would be entitled to recover under the provisions of the law applicable to the allegations of her petition. The court did not err in overruling special grounds 5 and 7 of the motion for a new trial.

■ Complaint is made in special ground 6 of the following charge of the court: "It.is contended in this case that the deceased was not married and the mother has brought suit for the full value of the life of the child. In order for the mother to recover under the provisions of the section I have just read to you, for the tortious homicide of her minor child, it must appear at the time of the homicide she was dependent, either wholly or partially, upon the child, and that the child contributed substantially or materially to her support. In such a case the mother may recover, notwithstanding the father of the child is in life, in good health, living with the family and exercising his parental rights up to the time of the child's death. It is the fact of contribution and dependency which creates the right of action in favor of the mother, and not the legal obligation to contribute to her support; and the contribution may be in labor or money," upon the grounds that the instruction was not sound as a principle of law and was an intimation and expression of opinion by the court as to what had been proved and was an invasion by the court of the province of the jury by elimination from their consideration whether or not the deceased left a wife or child, and whether or not the decedent's death was caused by the negligence of the defendant, Southeastern Stages Inc., or whether such negligence, if any existed, contributed to the cause of his death. The instruction stated a correct and applicable principle of law (*Fuller* v. *Inman,* 10 *Ga. App.* 680 (1), 74 S. E. 287), and when considered in connection with the entire charge, was not subject to the other criticisms made against it. The judge did not err in overruling special ground 6 of the motion.

■ In special ground 8 of the motion, the plaintiffs in error contended that the court erred in charging the jury that, "In this case, the right of action is in the mother," on the grounds that such instruction was not sound as a principle of law and was an intimation of opinion that the plaintiff was the mother of the deceased, upon whom she was dependent and who contributed to her support, and that the deceased left no wife or child surviving him.

The evidence, with all reasonable deductions and inferences therefrom, demanded a finding that the deceased was the son of the plaintiff and that he was not survived by wife or child. Under the facts of this case and the entire charge given to the jury, the instruction complained of was not error for any reason assigned, and the trial judge did not err in overruling special ground 8 of the motion.

■ No error of law appears, and the court did not err in overruling the movants' motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*