### 31514. LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* PATTERSON.

DECIDED MARCH 21, 1947.

12

*Tye, Thomson, Tye & Edmondson, Sam J. Welsch, C. N. King,* for plaintiff in error.

*Charles A. Pannell, Mitchell & Mitchell,* contra.

PARKER, J. ■ Special ground 1 of the amended motion for new trial, comprising about ten pages in the record, alleges in substance that the court did not fairly and impartially present in the charge to the jury the respective contentions of the parties. It is true that more time was taken in stating the plaintiff's contentions than was consumed in stating those of the defendant, but the plaintiff's petition was considerably longer than the defendant's answer, because the latter included general denials of specific paragraphs of the petition. The court's charge followed the pattern set by the pleadings to a degree, but we think that it covered the issues fully and fairly, and we find no error in this complaint. The defendant alleged in its answer that the father, who was driving the truck in which the plaintiff's son was riding when the collision occurred, failed to exercise ordinary care for the safety of the child, in driving upon the crossing in front of an approaching train; that such failure was the sole proximate cause of the child's death; and that by the exercise of such ordinary care on the part of the driver the death of the child could have been avoided. The court charged that the defendant contended "that the death of the child was not due to its negligence or the negligence of anybody in connection with the operation of the train or of the railroad company, but was due to the negligence of the father of the child in the operation of the car by driving the same upon the crossing in front of the approaching train; that it was his negligence that brought about the death of the child, and not the negligence of the railroad company, or the agents, servants, or officers of the company . . ;" and that a recovery by the mother could be defeated "if the negligence of the father and driver of the automobile was the sole, proximate cause of the collision." We think that these charges, when considered along with the charge as a whole, in the absence of requests for more elaborate instructions, were sufficient as to the contentions to which they related. See *Louisville & Nashville R. Co.* v. *Patterson,* supra.

■ Special ground 5 complains of an excerpt from the charge, as follows: "I charge you that the father is vested with the control of his minor child under the law of this State, and the mother is not accountable for the conduct of the father; and in a suit by the mother in her own right as authorized by law, the mother is not chargeable with the conduct of the father merely because of the

marriage relation between them." The criticism of this charge is that it is unsound as a proposition of law when standing alone; but the excerpt must be considered in connection with the entire charge, and when so considered we do not think that it was error for any reason assigned.

■ Complaint is made in special ground 4 that the court erred in charging the Code, § 105-1307, as to the right of a mother to recover for the homicide of a child upon whom she was dependent, or who contributed to her support, without explaining that both dependency and contribution to support were necessary to authorize a recovery. After giving the Code section in charge, the court went further, as follows: "As heretofore told you, in order for the plaintiff to recover, it must be found that she is the mother of the child in question, that the child rendered services upon which she was dependent, *or* by the rendering of such services that the same constituted a contribution to her support." The court not only charged the statute without explaining that both dependency and contributions were necessary, in accordance with the construction placed upon it more than fifty years ago by the Supreme Court, but accentuated the error by charging again that the mother could recover if dependent upon the child or the child had contributed to her support. In *Clay* v. *Central Railroad Co.*, 84 *Ga.* 345 (supra), the statute under consideration was construed to mean that the right of recovery in the mother was based on both dependency and contributions by the child, and that the word "and" should be substituted for the word "or" in the statute. That construction has been consistently followed in *Western Union Tel. Co.* v. *Harris,* 6 *Ga. App.* 260 (64 S. E. 1123), *Western & Atlantic R. Co.* v. *Anderson,* 34 *Ga. App.* 435 (129 S. E. 896), *Kent* v. *Consumers Co.,* 47 *Ga. App.* 213 (170 S. E. 202), *Brawner* v. *Bussell,* 50 *Ga. App.* 843 (179 S. E. 231), *Clements* v. *Pollard,* 53 *Ga. App.* 544 (186 S. E. 587), *Southern Ry. Co.* v. *McCrary,* 55 *Ga. App.* 406 (190 S. E. 195), *Smith* v. *Hatcher,* 102 *Ga.* 158 (29 S. E. 162), *Wilson* v. *Pollard,* 190 *Ga.* 74 (8 S. E. 2d, 380), and other cases that could be cited. This court held in *Western Union Tel. Co.* v. *Harris,* supra, that it was not error to charge a section of the Code in its exact language, though such language may have been construed as having a meaning different from the popular acceptation of the terms employed, if the language of the statute is thereafter fully

explained to the jury in accordance with the construction placed upon it by the Supreme Court. We think that it was error in this case to charge the statute without explanation as to the construction placed upon it by the courts, and this error was emphasized by the additional charge in which the court again instructed the jury that the plaintiff could recover if dependent upon the child or the child contributed to her support. See also *Southeastern Stages* v. *Smith,* 74 *Ga. App.* 810 (41 S. E. 2d, 554).

■ Grounds 2, 3, 6, and 7 of the amended motion allege error in the charge of the court relating to the duty of a railroad company to anticipate the presence of persons on a private crossing, and on the measure of damages, and in failing to charge on the subject of accident. We have considered all of these grounds and find no error in them.

■ Since the case will be tried again, we have not considered and do not pass upon the general grounds.

*Judgment reversed.* *Sutton, P. J., and Felton, J., concur.*