### 32078. LOUISVILLE & NASHVILLE RAILROAD COMPANY v. PATTERSON.

DECIDED JULY 13, 1948.

*Tye, Thomson, Tye & Edmondson, Sam J. Welsch, Charlie Newton King, W. B. Robinson,* for plaintiff in error.

*Mitchell & Mitchell, W. H. Bolling, Charles A. Pannell,* contra.

FELTON, J. This is the second appeal of this case. For a statement of the pleadings see 75 *Ga. App.* 11 (42 S. E. 2d, 171). The only things necessary to add is that the defendant pleaded

that the child's death was caused solely by the negligence of his father, with whom he was riding, and that by the exercise of ordinary care the father of the child could have avoided the death to his son, regardless of the alleged negligence of the defendant.

■ The general grounds of the motion for a new trial are without merit. *Louisville & Nashville R. Co.* v. *Patterson,* 75 *Ga. App.* 1 (42 S. E. 2d, 163). The facts in that case and this one are substantially the same.

■ The court erred in refusing to give the requested charge relative to the care required to be exercised by the father. The requested charge was as follows: "The ordinary care which Miley Patterson was under a duty to exercise was that care which an ordinarily prudent person would use under the same or similar circumstances." The substance of the request was not as fully covered by the general charge.

■ The defendant requested the following charge: "Gentlemen of the jury, I charge you that Miley Patterson, the driver of the truck, or vehicle, in question under the law owed a duty to .the Louisville & Nashville Railroad Company to exercise ordinary care in approaching and attempting to pass over the railroad crossing, and, in that connection, I charge you that it was the duty of Miley Patterson on approaching this crossing to drive the truck or automobile at such a rate of speed and to keep such a lookout ahead as would meet the requirements of ordinary care, taking into consideration all of the conditions existing at the time, as may be shown by the evidence. If you find from the evidence that, in the exercise of ordinary care, Miley Patterson could or should have seen that the train was approaching the railroad crossing in time to have stopped his truck, or automobile before a collision therewith, or otherwise could have avoided a collision with the train, and that Miley Patterson's failure to use such care was the sole proximate cause of the death of William Patterson, then the plaintiff, Mrs. Patterson, is not entitled to recover." This request is substantially the same as those set forth in grounds seven and eight. The principle stated in these requests set forth the law of this State in two respects. If the jury found that whether the railroad was or was not negligent Miley Patterson's negligence was the sole

proximate cause of the death of his son, the mother, of course, could not recover. This is too well established to require citation of authority. We think the charge would also be applicable if the jury found that the railroad was negligent but that Miley Patterson could have by the exercise of ordinary care discovered the negligence of the defendant and could have avoided the injuries by the exercise of ordinary care. In the latter situation, under the law of this State, the negligence of Miley Patterson would be in law the sole proximate cause of the injury. This is unquestionably the principle underlying Code § 105-603, which provides: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." Where the negligence of a defendant could have been avoided by one in charge of a child of tender years by the exercise of ordinary care, his negligence is regarded as the sole proximate cause under the doctrines of last clear chance and of proximate cause, irrespective of who is doing the suing. The doctrine of last clear chance is but the doctrine of proximate cause under another name. 38 Am. Jur., p. 902, § 216; 92 A. L. R. 51; 119 A. L. R. 1044. This court had this principle under consideration in the case of *Lovett* v. *Sandersville R. Co.*, 72 *Ga. App.* 692 (34 S. E. 664). There we applied the principle in favor of a widow, permitting a recovery despite the prior negligence of her husband. We stated: "The rule is based on the identical principal which precludes the plaintiff from recovering if he could have avoided a defendant's negligence after he discovers it, or should have in the exercise of ordinary care." The question of imputable negligence is not involved where the defendant's negligence could have been avoided by the exercise of ordinary care. Where the defendant's negligence could have been avoided by ordinary care the sole proximate cause is the responsible person's negligence and the defendant's negligence is considered too remote to be considered a contributing proximate cause. The defendant's negligence is considered a contributing proximate cause only where the injured person's negligence amounts to the violation of a duty less than ordinary care, in which case the rule of imputable

negligence would attach. The only general charge on this subject was that the negligence of the father was not attributable to the plaintiff and that the only thing which would relieve the defendant was that the negligence of the father was the sole proximate cause of the injury. Of course, what we have stated would not be applicable to a situation where a defendant had the last clear chance to avoid an injury after the father had discovered the defendant's orginal negligence and had not exercised ordinary care to avoid it. There was no evidence in this case to authorize a finding that the defendant could have avoided the injury after the father and child were on the track or it was apparent they were going upon the track. The court erred in not giving at least one of these requests. .

■ It was not error to refuse to give the following requested charge: "If you find that Miley Patterson was in act of hauling a load of cotton to his home to be unloaded and was planning to make another trip back to his cotton field for another load before night-fall, you should take that, along with all the other evidence, into consideration in determining whether or not he was in the exercise of ordinary care, and, if you find that by the exercise of ordinary care, he could have avoided the train-vehicle collision, and that Miley Patterson's failure to use ordinary care and prudence was the sole proximate cause of William Patterson's death, you should find a verdict in favor of the defendant railroad company." This request gives undue emphasis and importance to one fact which shed little if any light on whether Miley Patterson was negligent or not.

■ As the case is to be tried again it is not necessary to consider ground nine of the amended motion, based on a refusal to continue the case.

■ It was error for the court to refuse to grant a mistrial because of the argument of one of the counsel for the plaintiff to the effect that there was only one question in this case and that was the amount of damages, the basis for such argument being that this court, in a companion case arising out of the same occurrence (75 *Ga. App.*), wherein the plaintiff sued for damages for the homicide of her husband, had decided that the evidence authorized the verdict. Further comment seems to be unnecessary.

As the case is to be tried again a decision of the question of excessiveness of the verdict is not necessary.

The court erred in overruling the motion for a new trial. *Judgment reversed. Sutton, C. J., and Parker, J., concur.*