## 32322. UNITED MOTOR FREIGHT TERMINAL CO. INC. *v.* HIXON *et al.*

DECIDED FEBRUARY 3, 1949. REHEARING DENIED FEBRUARY 24, 1949.

*Andrews & Nall, Stanley P. Meyerson,* for plaintiff in error.
*Boykin & Boykin,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground 5 of the amended motion for a new trial appears to have been abandoned because the brief of counsel for the plaintiff in error under "Questions involved" sets forth all other grounds, both general and special, of the motion for a new trial as issues of law upon which they insist, except special ground 5 to which no reference is made. Grounds of a motion for a new trial which are not insisted upon in the brief will be treated as abandoned. See Code (Ann.), § 6-1308, and many cases under catchword "Abandoned."

■ Special ground 6 contends that the trial court erred in failing to grant a mistrial on motion of counsel for the defendant on account of an alleged improper question propounded by one of counsel for the plaintiff in the presence of the jury during the cross-examination of a witness for the defendant, R. L. Holt.

The witness, who was employed by Markel Service, a service and investigating agency which had investigated the case being tried on behalf of the defendant, was being cross-examined about the testimony of the plaintiff on a former trial of the instant case. Counsel for the plaintiff, referring to the original transcript of the record, asked questions as follows:  Q. "Is this the

original record?" A. "Yes, sir." Q. "And you made a motion for a new trial on that record?" A. "I don't know about that, I did not have anything to do about that." Counsel for the defendant thereupon moved for a mistrial on the ground that the question indicated to the jury that since the witness, who was an employee of the Markel Service which was employed by the defendant to investigate the case, found it necessary to move for a new trial that the former trial of the same case resulted unfavorably to the defendant, and that to thus inform the jury as to the outcome of the former case was so improper and prejudicial that the harm could not be corrected by instructions to the jury to disregard it. The trial court overruled the motion for a mistrial, and instructed the jury to disregard the question, that it had no bearing whatever on the case, that this case is a completely new investigation, that what happened on the former trial of the case, and who made a motion for a new trial was of no concern to the jury, and further instructed the jury as follows: "And as seriously and emphatically as I can I tell you to disregard that statement, and eliminate it from your consideration of the case totally."

In *Rawlins* v. *State,* supra, it is held that, "Improper remarks of counsel are subject to correction either by proper instructions to the jury or mistrial according to the nature of the remarks and circumstances under which they were made."

In *Trammell* v. *Atlanta Coach Co.,* supra, it is said that, "Upon the question as to whether a declaration of mistrial is required, unless it is apparent that a mistrial was essential to preservation of the right of a fair trial, the discretion of the trial judge will not be interfered with." See also *Manchester* v. *State,* supra.

In the instant case counsel for the plaintiff did not state how the former case terminated but asked a witness for the defendant if he did not make a motion for a new trial. The witness was not a party to the case but was only an employee of the investigating service which operated in behalf of the defendant in the preparation of the case for trial. From the foregoing decisions it appears that the trial court has some discretion as to whether the harm can be corrected by instructions, or if a mistrial must be granted. Where that discretion is not abused this court will not reverse the case. Counsel for the defendant rely on *Louisville &*

*Nashville R. Co. v. Patterson*, 77 *Ga. App.* 406 (49 S. E. 2d, 218), for their position that the harm done by the improper remarks in the instant case can not be corrected by appropriate instructions to the jury to disregard the same. Reference to the original record in that case of file in the office of the clerk of this court reveals that on the motion being made by counsel for the defendant for a mistrial, the court ruled as follows: "I presume Mr. Mitchell is drawing conclusions. as a matter of argument as to those issues, but the jury will be instructed by the court on all the issues involved. I will overrule the motion." Thus it appears that the trial court made no effort to remedy the harm but rather approved the argument of counsel for the plaintiff in his ruling. Also in that case counsel for the plaintiff was not only telling the jury of the outcome of the trial of the companion case, but was insisting that the finding of the jury on the facts in the companion case was conclusive as to the case he was then arguing leaving for the jury only the question of the amount of the damages. Even in that case it was not held that the error could not have been corrected by proper instructions, since in that case no instructions were given.

In the instant case if counsel informed the jury as to the outcome of the former trial at all, he did so indirectly, and made no insistence that the jury consider it, and the trial court promptly instructed the jury as seriously and emphatically as he could to eliminate the question from their consideration of the case.

In determining that the harm done by the asking of this improper question could be corrected by appropriate instructions, the trial court did not abuse his discretion and this assignment of error is accordingly without merit.

■ Special ground 7 contends that the trial court erred in excluding evidence of a witness for the defendant to the effect that a doctor who had examined the plaintiff and was familiar with her physical condition had been subpœnæd as a witness for the defendant and that he was not present to testify because, according to the information of the witness obtained from the secretary of the doctor, the latter had suffered three heart attacks and was unable to come to court. It is contended that the exclusion of the testimony was harmful and prejudicial to the defendant because it permitted counsel for the plaintiff to

argue that the evidence of the doctor would have been in favor of the plaintiff had he testified. It is contended that the testimony was admissible under § 38-302 of the Code as original evidence as the same was offered in explanation of the conduct, that is the absence of the doctor.

It is not alleged in this ground of the amended motion for a new trial that counsel for the plaintiff actually argued that this doctor would have testified favorably to the plaintiff had he been present. The motion set out only that the exclusion of the evidence permitted counsel for plaintiff to so argue. In order for the defendant to carry the burden of showing injury here, the assignment of error should disclose the argument of counsel for the plaintiff if any, to the effect that the testimony of the absent witness, had he been present, would have been favorable to the plaintiff. The plaintiff in error must show not only error but also injury. See *Chapman* v. *Walden,* 183 *Ga.* 395 (supra); *Southern Ry.* v. *Ansley,* 8 *Ga. App.* 325 (supra); *Dees* v. *State,* 41 *Ga. App.* 321 (supra). Assuming, without deciding, that the evidence in question was admissible as an exception to the hearsay rule as provided in Code § 38-302, the defendant has failed to show wherein he was harmed by its exclusion and this ground is therefore without merit.

■ Special ground 8 contends that the trial court erred in refusing to grant a mistrial based on motion of counsel for the defendant for alleged improper argument on the part of one of counsel for the plaintiff in making his concluding argument to the jury. The improper argument excepted to is as follows: "God pity a man who can not understand plain English even if he is trying a case for Markel Service and the United Motor Freight Terminal Co." It appears that counsel hesitated at the point of this assertion immediately before adding the last part thereof, to wit, "and the United Motor Freight Terminal Co." These remarks referred to counsel for the defendant who represented only the United Motor Freight Terminal Company and its co-defendant, Cecil Lyle, the driver of the truck. Counsel for the defendant moved for a mistrial in language as follows: "I move for a mistrial in the case because counsel for the plaintiff, Mr. Boykin, in his concluding argument to the jury and in the presence of the court and jury, made the statement to the jury

with respect to my conduct in the case and wound up by saying, 'God pity a man who can not understand plain English, even if he is trying a case for the Markel Service,' and then sought to catch himself and said, 'and the United Motor Freight Terminal Co. . .'" At this point Mr. Shirley Boykin, the alleged offending member of counsel for the plaintiff, interrupted counsel for the defendant while making his motion, with the following statement: "I was fixing to say 'Markel Service Agency has shown by the evidence by Mr. Holt that he was employed to investigate this case, and they were agents of the defendant,' and he interrupted my statement, and I had a right to complete it." Thereafter a colloquy between counsel for both sides and the court took place, resulting in instructions by the court to the jury as follows: "Gentlemen, the evidence in this case does not contain anything that would show that Mr. Walton Nall (the member of counsel for the defendant who made the motion) represents as attorney the Markel Service, and I charge you to disregard that statement in the argument of counsel for the plaintiff. It appears that Mr. Nall represents the defendants in this case. Whether he represents somebody else has nothing to do with the case and you will disregard it."

The brief of evidence discloses that Mr. R. L. Holt was an agent of Markel Service; and that the latter was employed by the defendant to investigate the case on trial. There was no evidence from which the inference might be drawn that Mr. Nall represented the Markel Service, therefore the argument of counsel for the plaintiff was improper. However, the trial judge in his discretion considered that the harm was cured by his instructions to the jury, and the remarks are such that this court will not hold that the trial judge abused his discretion in so doing. The instructions to the jury made in open court in the presence of counsel for the plaintiff were tantamount to a rebuke of counsel and sufficient under the circumstances. See *Trammell* v. *Atlanta Coach Co.*, supra. This assignment of error is without merit.

■ Special ground 9 contends that the trial court erred in refusing to give the following request to charge: "Gentlemen, if the evidence shows in this case that the defendant Lyle sounded his horn when he approached the automobile of Mrs. Hixon from

the rear, then the duty devolved upon her, the plaintiff, to pull to the right so as to permit Lyle to pass without interference. Gentlemen, if you should find these facts to exist, then Mrs. Hixon could not capture the right of way to make a left turn by extending her hand as required by law. In such event, that is, if you should find that Lyle gave a signal by sounding his horn before Mrs. Hixon gave a signal by extending her hand, if she did, then Lyle would have the right of way and Mrs. Hixon might not recover in this case." The request to charge as applied to the facts in the instant case is not wholly correct in stating the law. Assuming, but not deciding, that under the circumstances set forth in the request, the plaintiff could not capture the right of way to make a left turn, and assuming but not deciding that the defendant Lyle had the right of way, even that would not necessarily and conclusively control the question of whether or not the plaintiff could recover. It would still be a jury question as to whether or not the injuries to the plaintiff resulted directly and proximately from the negligence of the defendant, and whether or not the plaintiff exercised ordinary care for her own safety, and also whether the plaintiff by the exercise of ordinary care could have avoided the negligence of the defendant, if any, after discovery of the same, or in the exercise of ordinary care should have discovered it. The right of the plaintiff to recover might also be contingent upon other conditions not herein enumerated. Written requests to charge may be refused where they are not wholly correct in stating the law. See *Loeb* v. *State*, supra. The trial judge amply covered the subject-matter of the request in his general charge and this assignment of error is without merit.

■ Special ground 10 complains that the trial judge erred in that, after having correctly charged the provisions of Code § 68-303 (d), he then incorrectly added thereto Code § 68-305 which, it is contended, was repealed by the enactment of the former Code section. It appears from certain language of the decision in *Kelly* v. *State*, 63 *Ga. App.* 231 (10 S. E. 2d, 417), that § 68-303 (c) of the Code has superseded § 68-305. However, in charging § 68-305 when the trial judge came to the latter part of the section, he then informed the jury that this was the part that he desired to call to their attention, and continued with his charge

of the latter part of the section as follows, "and if traveling in the same direction he shall pass to the left side of the person or vehicle overtaken, and the person or vehicle overtaken shall give him a fair opportunity to pass." The first part of Code § 68-305 referring to motorists meeting other vehicles or animals approaching in the opposite direction, could not have misled the jury because the court clearly pointed out to the jury that their attention was being directed only to the latter part wherein the operator of the overtaken vehicle shall give the operator of the overtaking one a fair opportunity to pass. Should Code § 68-305 have been superseded by a subsequent Code section and thus repealed by implication, the latter part of it directing the jury that the operator of the overtaken vehicle shall give the operator of the overtaking one "a fair opportunity to pass" when construed with the part of Code § 68-303 (d) which was charged by the court that "the operator of the vehicle so overtaken shall promptly upon such signal turn his vehicle as far as is reasonably possible to the right in order to allow free passage on the left of his vehicle," is not error for any reason assigned. It amounts to no more than an amplification of the meaning of Code § 68-303(d). Compliance with this part of Code § 68-303(d) would certainly give the operator of the overtaking vehicle "a fair opportunity to pass," and instructions to this effect in no way restricted said Code section. This assignment of error is without merit.

■ It is strongly urged that the trial court erred in overruling the defendant's motion for a new trial on the general grounds. It is insisted that the evidence is insufficient to support the verdict for the plaintiff. It is contended that the testimony of the plaintiff, construed most strongly against her, shows, as a matter of law, that the plaintiff was not in the exercise of ordinary care for her own safety at the time of the collision. The plaintiff was driving her automobile accompanied by a Mrs. Bagwell westerly on U. S. Highway No. 78 at a point about one and one-half miles west of the town of Villa Rica. She had gone down a hill known as Cemetery Hill, through a short stretch of flat bottom and then started upgrade approaching the Bagwell Driveway on the left of the highway where she turned in and was struck by the overtaking tractor-trailer of the defendant being driven by

Cecil Lyle. At the trial now under review Mrs. Hixon testified: "When I was within three or four hundred feet of her driveway I was giving my signal to turn to the left, and I heard the toot of this horn and glanced in my mirror and saw this truck in the rear in front of Joe Summerville's garage. At that time I was already giving my signal that I was going to turn to the left when I heard the horn. At that time the truck was in my rear around I would say 600 feet from me, he was around 1000 feet from the point of the accident. What happened when I turned in there is this: I had entered Mrs. Bagwell's driveway and she hollered, 'Look out, Mrs. Hixon, that truck is going to hit you,' and I glanced around and saw the truck. There was the sound of the horn and the burst of the truck into the left side of my car involving our front wheels. It knocked me back to the right five or six feet and passed me and run up on the bank and struck a tree 28 feet from the highway, and that turned the cab he was in over on the right side and he slid out this bank 15 or 20 feet, and that pulled the trailer on up with us and left it hanging on the bank and the wheels were on the bank, some in the ditch and some in the driveway, and it was hanging up there in a careen like that (indicating) . . and we tried the doors, tried to open the doors and we couldn't get them open, and the trailer was coming over just like that (indicating), we thought it would never fall, and when it fell it knocked the front of the car, the hood part in front of the windshield, and when it mashed the front end down it raised the back end up and that released the left-hand door and we crawled out on the left side." Elsewhere the plaintiff testified that the defendant's truck was being operated at approximately 65 to 70 miles per hour at the time she observed it in the rear-view mirror. She also testified that the driveway where she was turning in was near the top of a hill and that the truck was attempting to pass her in a "no passing" zone.

Testimony of the plaintiff on a former trial was introduced wherein a part of her testimony was contradictory to that given by her on this trial. The part in conflict particularly relied upon by the defendant related to the horn signal given by the driver of the truck and the hand signal of the intention of the plaintiff to turn to the left. In the former trial it appears from

Mrs. Hixon's testimony that she heard the horn of the truck (the signal of the intention of the driver of the truck to pass her) before she gave her hand signal to turn to the left. In the trial now under review she testified that she was giving the hand signal of her intention to turn to the left before she heard the horn signal of the truck. By reason of this and other discrepancies counsel for the defendant contend that, construing the evidence of the plaintiff most strongly against her, recovery can not be had because her evidence shows as a matter of law that she was not in the exercise of ordinary care for her own safety at the time of the collision. In *Georgia Power Co.* v. *Jones,* supra (p. 590), the court in discussing the evidence stated as follows: "Evidence was introduced as to conflicting testimony of the plaintiff on a former trial. This merely went to the credibility of the plaintiff on the last trial, of which the jury was the judge. Many cases have been called to our attention by counsel on both sides, but they all stand on their own facts on the question of negligence. Under all the evidence it is impossible for this court to say that the jury was wrong in its conclusions and in finding a verdict for the plaintiff. Consequently, its province in judging the facts and conflicts in the evidence will not be invaded."

The foregoing quotation from *Georgia Power Co.* v. *Jones,* supra, is applicable in the instant case. There was ample evidence to support the verdict, and the general grounds afford no cause for reversal.

The judgment overruling the motion for a new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*